**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PACIFIC LIFE INSURANCE COMPANY                                    PLAINTIFF

v.                                  CASE NO. 3:21-CV-00143 JM

KATIE BLEVINS                                                     DEFENDANT

### PACIFIC LIFE INSURANCE COMPANY'S PARTIALLY OPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES BY SIXTY DAYS

Pacific Life Insurance Company ("Pacific Life'), by and through undersigned counsel, moves this Honorable Court for an Order extending certain deadlines in the Court's Scheduling Order (Doc. 12) by sixty (60) days in light of Counterclaim Plaintiff Katie Blevins' ("Blevins") last-minute amended counterclaim (Doc. 18), Pacific Life's Partial Motion to Dismiss (Docs. 24-25), and Plaintiffs Notice of 30(b)(6) Deposition served on April 8, 2022 which included 62 topics.

Counsel for the Parties conferred prior to filing this motion, and Blevins' does not oppose an extension to the scheduling order deadlines but does oppose an extension to the trial date. However, it is not feasible to extend the current deadlines without also moving the trial date by a commensurate amount of time. The Parties also agreed during the meet and confer process that the issues raised in this motion may be able to be resolved through a short telephonic conference if the Court is agreeable to that approach.

In further support of this partially opposed motion, Pacific Life states as follows:

### INTRODUCTION/BACKGROUND

1.     Pacific Life filed its Complaint for Declaratory Judgment on July 29, 2021, seeking a declaration regarding whether a life insurance policy became effective because it was not delivered prior to the insured's death. (Doc. 1). Blevins filed an Answer and Counterclaim on

August 23, 2021, asserting counterclaims for declaratory judgment and promissory estoppel. (Doc. 3).

2.      Based on the narrow completing claims for declaratory relief at issue in the lawsuit, the Parties filed a Rule 26(f) report requesting certain deadlines (Doc. 10) which were ultimately adopted by the Court in its November 30, 2021 scheduling order. (Doc. 12).

3.      In pertinent part, the Parties agreed to an expert disclosure deadline of May 1, 2022, a discovery deadline of June 6, 2022, and a dispositive motion deadline of June 29, 2022. Trial was set during the week of September 12, 2022. (Doc. 12). All such deadlines were manageable for a straight-forward declaratory judgment action.

4.      Over the next five months, the Parties completed a significant amount of discovery. Pacific Life and Blevins both issued written discovery requests and both parties served responses. The Parties also worked through some written discovery disputes on Pacific Life's responses to Blevins' discovery requests to avoid burdening the court, and Blevins ultimately filed a more narrow motion to compel which is currently being briefed. The depositions of two third-parties in Salt Lake City, Utah have also been set on May 9, 2022.

5.      On March 21, 2022 – roughly eight months into the lawsuit – Blevins filed an amended counterclaim adding claims for bad faith and punitive damages for the first time. (Doc. 18). <u>Importantly, the amended counterclaim did not rely on any information produced by Pacific Life during the course of discovery. Instead, it relied on documents that were attached to Pacific Life's July 2021 complaint and emails Blevins herself produced in discovery</u>. As such, this was not a situation where Blevins filed her amended counterclaim based on newly discovered information; instead, she chose to file it late in the discovery period and on the eve of expert disclosures.

6.      Pacific Life filed a partial motion to dismiss Blevins' bad faith and punitive damages claims on April 14, 2022 because Blevins' counterclaim did not plausibly state a claim for bad faith, particularly given the rigorous standard required in Arkansas. (Docs. 24-25). Blevins' Response is due April 28, 2022 and Pacific Life's Reply is due May 5, 2022. *See* L.R. 7.2.

7.      While the Parties completed significant written discovery, there is still discovery outstanding. For example, on April 8, 2022, Blevins served a Rule 30(b)(6) deposition notice that contained <u>sixty two</u> (62) areas of testimony for Pacific Life's corporate representative. Because the deposition notice was extremely broad, Pacific Life has had to work through each of the topics in order to be able to conduct a meet and confer conference with Blevins. The Parties intend to meet and confer to attempt to narrow the topics and identify the correct representative (or representatives) for any eventual deposition. Pacific Life also intends to ultimately depose Blevins.

8.      Given the pending motion to dismiss on Blevins' new bad faith claim, and the lengthy 30(b)(6) notice, Pacific Life respectfully requests that the Court extend the deadlines in the Scheduling Order by sixty (60) days.[1]

## **ARGUMENT**

9.      District courts have broad discretion in managing their cases, particularly in matters of discovery and scheduling. *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997). In this same regard, "the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

---

[1] As mentioned above, Blevins does not oppose an extension to the deadlines but does oppose an extension to the trial setting.

10.     Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *Ma v. Nucor Corp.*, No. 3:19-CV-00344-KGB, 2021 WL 535850, at *2 (E.D. Ark. Feb. 12, 2021). "The 'primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the [scheduling] order's requirements.'" *Ma v. Nucor Corp.*, No. 3:19-CV-00344-KGB, 2021 WL 535850, at *2 (E.D. Ark. Feb. 12, 2021) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)

11.     Good cause exists here for the Court to extend the current scheduling order deadlines, including the trial setting, by sixty (60) days. For starters, the Parties have been diligent in attempting to meet the current scheduling order. As explained above, the Parties have completed written discovery, worked through discovery issues, scheduled depositions, and are working together to schedule remaining depositions. Blevins also does not oppose an extension to the Scheduling Order deadlines aside from trial.

12.     Moreover, Blevins filed an amended counterclaim adding bad faith and punitive damages claims less than sixty (60) days before the expert cutoff and more than half way through the discovery period—a counterclaim that was not based off of any new information gleaned in discovery. Pacific Life has since moved to dismiss the bad faith and punitive damages claims. Nonetheless, Pacific Life, was put in a position of responding to a late filed amended counterclaim which could alter the scope of discovery and was due to be dismissed. In fact, Arkansas district courts have *stayed discovery entirely* pending a ruling on a dispositive motion. *Rosenbaum v. Kissee*, No. 1:16-cv-56-KGB, 2017 WL 11496952, at *1 (E.D. Ark. Dec. 20, 2017); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) ("If the district court

dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

13.     In this regard, Pacific Life is not requesting a lengthy extension or stay which would essentially start the case over; instead, the requested extension is meant to allow the Parties to brief Pacific Life's dispositive motion and permit the Court time to rule on the motion given that a ruling on Pacific Life's motion will alter the nature and scope of discovery. The extension also will help avoid unnecessary discovery costs and discovery disputes, including motion practice. For example, Pacific Life would object to "bad faith" discovery while its motion is pending given that Pacific Life does not believe Blevins has stated an actionable claim. Thus, to the extent Blevins insisted on any "bad faith" discovery, the Parties would be forced to engage in potentially unnecessary motion practice.

14.     In addition to the fact that there is a pending dispositive motion which could materially alter the lawsuit, Blevins also recently served a sixty-two (62) topic Rule 30(b)(6) notice seeking testimony from Pacific Life's corporate representative(s). The additional requested time would permit the Parties to work through the significant number of topics Blevins has requested, narrow the scope of testimony, and work together to timely set the deposition.

15.     Finally, this is the first request to modify the scheduling order made by either party. The Parties have diligently worked together to meet the Court's scheduling order deadlines, and agree that an extension would be helpful to accommodate the additional discovery and permit the

parties and the Court time to rule on Pacific Life's partial motion to dismiss. The only disagreement between the parties is whether to keep the September 12, 2022 trial date or to move it by sixty (60) days as well.

16.     Under the current scheduling order, however, continuing deadlines by sixty (60) days but keeping the trial date is not feasible. For example, the dispositive motion deadline would only be two weeks before trial, and therefore any dispositive motions would not even be fully briefed by the time trial began. In addition, the motion in limine deadline would be *after* trial. Finally, the Parties would be required to submit pretrial disclosures and evidentiary depositions before dispositive motions. It makes far more sense to keep the deadlines similarly situated and extend the trial setting by sixty (60) days.

17.     Blevins will not prejudiced by extending the trial setting (or any other deadlines) by sixty (60) days. Again, Pacific Life is not requesting an indefinite stay of deadlines or a lengthy extension. Instead, Pacific Life is requesting a brief extension in order to respond to the new claims Blevins herself brought late in the lawsuit.

18.     Accordingly, for good cause shown, Pacific Life respectfully requests that the Court the Court enter an Amended Scheduling Order and extend all deadlines by sixty (60) days.

DATED: April 21, 2022

Respectfully submitted,

*/s/ Thomas J. Butler*
Thomas J. Butler (*Pro Hac Vice*)
Joshua R. Hess (*Pro Hac Vice*)
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: 205-254-1000
E: tbutler@maynardcooper.com
    jhess@maynardcooper.com

Paul D. Waddell (Arkansas Bar No. 87179)
Sam Waddell (Arkansas Bar No. 2014204)
WADDELL, COLE & JONES, PLLC
310 East Street, Suite A
P.O. Box 1700
Jonesboro, AR 72403
T: (870) 931-1700

*Attorneys for Plaintiff Pacific Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on April 21, 2022 the foregoing was filed using the Court's CM/ECF system and served via transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

Jim Lyons
LYONS & CONE, P.L.C.
P.O. Box 7044
Jonesboro, AR 72403
T: (870) 972-5440
F: (870) 972-1270
jlyons@leclaw.com

Aaron Heller
OWENS, MIXON, HELLER & SMITH, P.A.
P.O. Box 4015
Jonesboro, AR
T: (807) 336-6505
F: (870) 336-6506
aheller@omglawfirm.com

*Attorneys for Defendant and Counterclaimant*

         */s/ Thomas J. Butler*
         **OF COUNSEL**