IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PACIFIC LIFE INSURANCE COMPANY                                    PLAINTIFF

v.                              CASE NO. 3:21-CV-00143 JM

KATIE BLEVINS                                                      DEFENDANT

ORDER

Plaintiff Pacific Life Insurance Company (Pacific Life) has filed a motion to dismiss two of the claims made by Defendant in her amended counterclaim—Count V for bad faith and Count VI for punitive damages. Defendant Katie Blevins filed her response to the motion and subsequently filed a motion for leave to amend her response.

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Bad faith is defined as "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Nationwide Mut. Ins. Co. v. Ozark Mountain Poultry, Inc.*, No. 5:20-CV-5014, 2020 WL 5637662, at *2 (W.D. Ark. Sept. 21, 2020) (quoting *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005).

"Bad faith also requires a Plaintiff to show that the dishonest, malicious, or oppressive conduct was 'carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.'" *Walton v. Transamerica Life Ins. Co.*, No. 1:20-CV-1049, 2022 WL 1785633, at *5 (W.D. Ark. Jan. 10, 2022) (quoting *Unum* at 87). Contrary to Blevins's argument, the law is clear that a plaintiff alleging any of the three classifications of affirmative conduct—whether it be "dishonest, malicious, or oppressive"—was carried out with "hatred, ill will, or a spirit of revenge."

In her amended counterclaim, Blevins alleges that Pacific Life engaged in affirmative misconduct by requiring a form of policy delivery that was contrary to the terms of the policy application "when strictly construed against the insurer" and concludes that this conduct was oppressive as Blevins reasonably expected payment under the policy. (Doc. 18, ¶¶ 83, 86) The allegations in the amended counterclaim reflect a disagreement over the terms of the policy and do not approach the level of conduct required to state a claim for bad faith. "Bad faith claims are permitted when insurance companies engage in truly egregious misconduct such as lying about coverage, converting the insured's property, or intentionally altering records." *Brooks v. S. Farm Bureau Cas. Ins. Co.*, No. 2:20-CV-00144-BSM, 2021 WL 8015818, at *2 (E.D. Ark. Nov. 9, 2021) (referencing cases collected in *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555, 560-61 (1999)). The Court finds that Blevins's amended counterclaim (Doc. No. 18) does not state a claim for bad faith, and Pacific Life's motion to dismiss the bad faith claim in the amended counterclaim is granted.

In her motion for leave to amend her response, Blevins submits evidence in support of her claim of bad faith, including that Pacific Life had paid a commission to the insurance agent who had sold the life insurance policy to Dr. Richardson, but that the payment had been

reversed. (Doc. 44 p. 25). The agent, Lamar Breshears, further testified that he only ever got paid once the policy was "placed in force by delivery . . . and a signed policy delivery receipt is delivered to [Pac] Life." (Doc. 44. p. 26).

The Court is unclear why Blevins submitted a motion to amend her response to the motion to dismiss rather than a motion to amend her amended counterclaim. Blevins filed her motion to amend her response on June 7, 2022, and the deadline to amend pleadings pursuant to the Amended Scheduling Order (Doc. No. 35) was June 30, 2022. To keep the record clean, the Court will treat Blevins's motion for leave to amend her *response* (Doc. No. 44) as a motion for leave to amend her *counterclaim* for a second time and will allow the amendment.

Regarding the motion to dismiss the claim for punitive damages, the parties agree that punitive damages is not a stand-alone cause of action. Therefore, there is no need to dismiss the claim for punitive damages. Whether the Court instructs the jury on punitive damages will rise or fall with the bad faith claim.

THEREFORE, Pacific Life's motion to dismiss the bad faith claim as currently pleaded (Doc. No. 24) is GRANTED. Blevins's motion to amend her response (Doc. No. 44) will be treated (and so reflected by the Clerk in the docket) as a motion for leave to amend her counterclaim and is GRANTED. Blevins has until August 25, 2022 to file her second amended counterclaim.

IT IS SO ORDERED this 19th day of August, 2022.

_____
United States District Court Judge