IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PACIFIC LIFE INSURANCE COMPANY                                          PLAINTIFF

v.                           CASE NO. 3:21-CV-00143 JM

KATIE BLEVINS                                                                      DEFENDANT

ORDER

Pending is Defendant Katie Blevins's motion to strike Plaintiff Pacific Life Insurance Company's (Pacific Life) answer to her amended counterclaim. (Doc. No. 63). Pacific Life filed a response, and Blevins was given leave to file a reply.

The Federal Rules of Civil Procedure authorizes sanctions for failure to comply with a court's discovery order, including striking pleadings. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii). "[D]ismissal is an extreme sanction that should be applied 'only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party.'" *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, 825 F.3d 365, 369 (8th Cir. 2016) (quoting *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832–33 (8th Cir. 2013).

The basis for Blevins's request to strike is three-fold. First, Blevins takes issue with Pacific Life's Third Supplemental Responses to Blevins's First Request for Production No. 17. In RFP No. 17, Blevins requested "all Documents showing similar incidents where a soliciting agent for Plaintiff failed or otherwise did not deliver a policy before the death of the insured after the insured paid a part of or all of the annual premium for such life insurance policy." In its first supplemental response to this RFP that were served on March 9, 2022—as in its second and third supplemental response— Pacific Life made clear that it was only searching for similar incidents

*in the state of Arkansas*. As outlined in Pacific Life's response to this motion[1] the parties had multiple exchanges in their attempts to resolve their discovery disputes, including over this RFP, and Blevins never indicated that the restriction of the search to Arkansas was a bone of contention.  Nor did Blevins raise the geographical limitation in its motion to compel. Consequently, while the Court did not impose the Arkansas limitation in its order to compel, neither did it address the issue.  For the Court to impose sanctions at this juncture would be contrary to the purpose behind the rule requiring the parties to meet and confer in good faith about discovery disputes before involving the Court. There certainly has been no willful violation of an order of this Court with regards to RFP No. 17.  It was not until she filed this motion to strike on August 10, 2022—after the discovery deadline of August 1, 2022[2] had passed—that Blevins took issue with the search being limited to Arkansas.  Blevins's request that Pacific Life be sanctioned for its response to RFP No. 17 is denied.

      Second, Blevins seeks sanctions against Pacific Life over its responses to Requests for Admission Nos. 8, 9, and 10. The Court finds that Pacific Life's responses to these RFAs satisfied the order compelling it to provide "a more substantial explanation of the reasons" it was unable to admit or deny Blevins's requests regarding whether Lamar Breshears had access to Pacific Life's Planned Performance Tracking system.

      As her third basis for seeking sanctions, Blevins argues that Pacific Life "has not chosen to act in good faith throughout discovery." The only example she relies on is Pacific Life's failure to produce a copy of its Code of Conduct in response to Blevins's RFP Nos. 9, 10, and 11.  Blevins interprets these RFPs as requiring that Pacific Life produce *all* its policies and

---

[1] Doc. No. 72, pp. 2-5.
[2] Doc. No. 35, Amended Final Scheduling Order (stating that all discovery requests and motions must be filed sufficiently in advance of the August 1st deadline to allow for a timely response).

procedures. However, as Pacific Life responded, these RFPs requested specific policies and procedures, namely those related to the issuance and delivery of life insurance policies and those relating to the tender or acceptance of a premium payment for a life insurance policy. Pacific Life defends its response by stating that the Code of Conduct, which Blevins was able to find on her own, was not responsive to those RFPs. Blevins did not refute this in her reply.

Blevins is not entitled to any sanctions, much less the striking of Pacific Life's answer to her amended complaint. Her motion (Doc. 63) is DENIED.

IT IS SO ORDERED this 16th day of September, 2022.

_____
United States District Court Judge